UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAROD BANKS,

        Plaintiff,         CASE NO. 2:20-cv-12973
                                 HONORABLE LINDA V. PARKER

v.

DUNCAN MARTIN, ARTHUR DERRY,
CORRECTIONS OFFICER CALDWELL,
and CORRECTIONS OFFICER HASKINS,

        Defendants.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

This matter is before the Court on a state prisoner's *pro se* civil rights complaint. (ECF No. 1.) Because this cause of action arose in Chippewa County, where Defendants are employed, the proper venue for this action is the United States District Court for the Western District of Michigan. Accordingly, the Court is transferring the case there.

**Background**

Plaintiff Sharod Banks is a state prisoner at the Chippewa Correctional Facility in Kincheloe, Michigan, where Defendants are employed by the Michigan Department of Corrections. (*Id*. at Pg ID 2-3.) Defendant Duncan Martin is a

correctional sergeant; Defendant Arthur Derry is a prison "RUM;" and Defendants Caldwell and Haskins are corrections officers. (*Id.*)

Plaintiff alleges that, on several occasions earlier this year, corrections officials permitted other prisoners to enter his cell and sexually assault him. (*Id.* at Pg ID 6-7.) More specifically, Plaintiff alleges that Defendants Caldwell and Haskins harassed him daily and permitted other prisoners to enter his cell while he slept. (*Id.* at Pg ID 5, 15.) Defendant Duncan Martin apparently denied Plaintiff's administrative grievances about the issue (*see id.* at Pg ID5), and Martin and Defendant Derry allegedly failed to do anything to stop the abuse or to help Plaintiff. (*Id.* at Pg ID 5, 7.) Plaintiff also alleges that someone hit him in the mouth while he was sleeping. (*Id.* at Pg ID 8.) He seeks money damages for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment, including deliberate indifference to assaults and sexual abuse. (*Id.* at 4, 8.)

## Discussion and Order

A preliminary question is whether this district is the proper venue for Plaintiff's Complaint. A civil action may be filed in: (1) a judicial district where any defendant resides, if all the defendants are residents of the State in which the district is located; (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an

action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).

Public officials "reside" in the judicial district where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (*per curiam*) (quoting 1 Moore's Federal Practice 1487-88). For the convenience of parties and witnesses, and in the interest of justice, a federal district court may transfer a civil action to any district where the action could have been brought. 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) (authorizing district courts in the interest of justice to transfer a case laying venue in the wrong district to any district where it could have been brought).

As noted above, the events or omissions giving rise to Plaintiff's Complaint occurred at the Chippewa Correctional Facility in Kincheloe, Michigan, and Defendants are all employed there. Kincheloe is in Chippewa County, which lies within the geographical borders of the Northern Division of the United States District Court for the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Therefore, the proper venue for this action is the Western District of Michigan.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall **TRANSFER** this case to the Northern Division of the United States District Court for the Western District of Michigan. The Court has not screened Plaintiff's Complaint under 28 U.S.C.

§§ 1915(e)(2) and 1915A, nor determined whether Plaintiff may proceed without prepayment of the fees and costs for this action.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: November 16, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 16, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager
